Case 2:19-cv-10329-DMG-E   Document 1-1   Filed 12/05/19   Page 1 of 8   Page ID #:6

19VECV01488

Assigned for all purposes to: Van Nuys Courthouse East, Judicial Officer: Huey Cotton

Electronically FILED by Superior Court of California, County of Los Angeles on 10/15/2019 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Salcedo, Deputy Clerk

Majid Safaie (SBN 185129)
majid.safaie@aryalc.com
Brian Stuart (SBN 207118)
brian.stuart@aryalc.com
ARYA LAW CENTER, PC
3187 Red Hill Ave., Suite 115
Costa Mesa, CA 92626
Tel:   877-279-2523
Fax:   877-235-1558

Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| MARIAM HADIDI, an Individual, <br><br> Plaintiff, <br><br> vs. <br><br> ARIANA TELEVISION NETWORK, a private television network; and DOES 1 - 10, Inclusive; <br><br> Defendants. | CASE NO.: <br><br> **COMPLAINT FOR DAMAGES:** <br><br> 1. INTENTIONAL MISREPRESENTATION <br> 2. FRAUD IN INDUCEMENT <br> 3. UNAUTHORIZED APPROPRIATION FOR COMMERCIAL PURPOSE <br> 4. ACCOUNTING <br> 5. UNJUST ENRICHMENT |

COMES NOW the Plaintiff, MARIAM HADIDI ("Plaintiff"), complaining of the Defendants, and each of them, as follows:

## INTRODUCTION

1. This action is brought by Plaintiff for compensatory and punitive damages against Defendants for their intentional misrepresentation, fraud in inducement and the unauthorized appropriation for commercial purpose resulting in the unjust enrichment of Defendant.

---

COMPLAINT FOR DAMAGES

1


2. Based on Plaintiff's information knowledge and belief, she alleges that Defendant misled Plaintiff to believe that she would receive compensation for her performance at various concerts, as well as the income derived from viewership by millions on social media platforms.

3. Plaintiff is a successful singer and is well known in Afghan and other Persian communities.

4. Defendants took advantage of Plaintiff, deprived of her compensations and caused Plaintiff to suffer from emotional distress requiring treatment from which she continues to suffer to this date.

## THE PARTIES

5. Plaintiff, MARIAM HADIDI ("Plaintiff") is an individual, and at all times relevant to this action has been, a resident of the County of Los Angeles, State of California. She was born in Afghanistan and migrated to the United States to become a U.S. Citizen. Plaintiff is also known by her stage name, RAMSHA SHAFA, who sings in Pashto, Persian, Dari, Hindu, and English, and composes her own music and writes lyrics for her songs. Plaintiff has performed in live concerts in many countries throughout the world. Her music videos are aired in various social and internet media and she has millions of viewers for her music videos.

6. Defendant, ARIANA TELEVISION NETWORK ("ATN") is a private television network based in Kabul Afganistan. Defendant ATN is engaged in the business of internationally broadcasting various programs through television, radio, and social media broadcasting.

7. Defendant, ATN was founded by Ehsan Bayat a resident of Florida and he is the Chief Executive Officer, owner and operator.

8. Bassir Bayat is the brother of Ehsan Bayat and it is believed he is an Executive Producer at ATN.

9. Plaintiff does not know the true names, capacities, or basis for liability of Defendants sued herein as Does 1 through 10, inclusive, as each fictitiously named Defendant is

in some manner liable to Plaintiff. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

10. Plaintiff is informed and believes, and therefore alleges, that at all relevant times mentioned in this Complaint, each of the fictitiously named Defendants are responsible in some manner for the injuries and damages to Plaintiff so alleged and that such injuries and damages were proximately caused by such Defendants, and each of them.

11. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants were the agents, employees, servants and/or the joint-venturers of the remaining Defendants, and each of them, and in doing the things alleged herein below, were acting within the course and scope of such agency, employment and/or joint venture.

## JURISDICTION

12. The transactions and events, which are the subject matter of this Complaint occurred within the County of Los Angeles, State of California.

## FACTUAL ALLEGATIONS

13. In early 2017, Plaintiff was introduced to Bassir Bayat who had witnessed her performance in a concert.

14. Bassir Bayat introduced himself and advised Plaintiff that Defendant ATN, which belonged to his brother, Ehsan Bayat, would be able to promote her music videos and compensate her for broadcasting her music videos as well as setting up concerts for her for which Plaintiff would be paid.

15. Plaintiff happily agreed to what was offered to her by the representative of Defendant ATN.

16. A series of concerts were set up in the United States, Europe and Middle-East in which Plaintiff performed.

17. Plaintiff's compensation for those concerts was to be at least $10,000.00 each.

18. Despite many requests for her compensation, Plaintiff never received any payments from Defendant ATN as she was promised.

19. Further, without prior authorization or consent of Plaintiff, Defendant ATN aired five of Plaintiffs music videos for the songs Az Pesham Meri, Nasha, Arezo, Masti Mangai, and Biva (performed with another famous Persian Singer, named Andy).

20. Each of these music videos was watched by millions of internet viewers, which attest to the success of the videos and the profit that Defendant ATN earned from that viewership.

21. It is a well-known fact, the entities that are engaged in the broadcasting business always seek to increase their listeners and viewers of their programs which allows them to attract more businesses to pay for advertising on their media. That is the reason for media to operate their businesses.

22. Defendant ATN is no exception to this fact. Having millions of viewers watching Plaintiff's music videos on Defendant ATN increases their success and its financial condition.

23. At all times during the period in which Plaintiff performed in concerts, as well as having her videos being aired on ATN, she was promised and expected to receive compensation.

## FIRST CAUSE OF ACTION
### INTENTIONAL MISREPRESENTATION
(Against Defendants ATN and Does 1-2)

24. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

25. Defendant ATN made promises to Plaintiff that it would promote her talent, set up concerts and other entertainment performances for her and would compensate her for the same.

26. Plaintiff believed in the promises made by Defendant ATN. She worked hard, travelled around the world and performed in these concerts in numerous countries and venues.

27. Plaintiff never received any compensation for her concert performances.

28. The promises made by Defendant ATN were false as they never intended to deliver on their promise to compensate Plaintiff.

29. Defendant ATN's promises were only intended to entice Plaintiff to agree to perform in the concerts.

30. Further, when confronted by Plaintiff for the publication of her music videos without her prior consent, Defendant ATN dealt with it by promising her to receive compensation from the music videos.

31. That promise was also false and misleading as it was intended to stop Plaintiff from taking any further action to protect her rights to prevent Defendant ATN from further publication of her music videos.

32. As a direct and proximate result of the intentional misrepresentation by Defendant ATN, Plaintiff lost the opportunities to have her videos shown on other media platforms for which she could have received just compensation in an amount that shall be proven at trial.

### SECOND CAUSE OF ACTION
### FRAUD IN INDUCEMENT
(Against Defendants ATN and Does 3-4)

33. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

34. When Defendant ATN made the promises to Plaintiff that she would receive compensation for her concert performances as well as for the music videos, which were aired on ATN's network, Defendant ATN knew these promises were false.

35. Defendant ATN made these promises to induce Plaintiff to perform in the concerts and keep silent as to the unauthorized publication of her music videos.

36. Plaintiff relied on the promise to be compensated made by Defendant and performed in the concerts to her detriment.

37. The promises made by Defendant ATN were fraudulently made for the sole purpose of inducing Plaintiff to perform.

38. As a direct and proximate result of the actions of Defendants ATN, Plaintiff has suffered damages in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
### UNAUTHORIZED APPROPRIATION OF PLAINTIFF'S VIDEOS FOR COMMERCIAL USE
(Against Defendants ATN and Does 5-6)

39. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

40. When Defendant ATN broadcast Plaintiff's music videos, Defendant ATN did not ask for permission from Plaintiff. Defendant ATN uploaded and aired the music videos without prior knowledge or consent of Plaintiff.

41. The airing of the Plaintiff's music videos was quite successful as they have been viewed by millions of viewers. The videos for the use of distribution were obtained under false pretense. Therefore, it was not with authorized consent as they were obtained through fraudulent means.

42. Defendant ATN has received substantial financial benefits through its paid advertising from airing Plaintiff's music videos.

43. Receipt of monetary compensation from the use of the Plaintiff' videos constitutes an unauthorized appropriation of Plaintiff's intellectual properties and exploitation of her talents for Defendants' commercial use and benefit.

44. As a direct and proximate result of Defendants' unauthorized appropriation, Plaintiff has been damaged in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION
### ACCOUNTING
(Against Defendants ATN and Does 7-8)

45. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

46. Defendant ATN has published several of Plaintiffs music videos and earned revenue in an amount that is unknown to Plaintiff.

47. Therefore Plaintiff demands an accounting of all monies Defendants have received from the broadcasting of said videos in the form of the advertising dollars generated from such viewership. Also an accounting of the compensation, which Plaintiff is due but has not been paid as a result of the unauthorized use of Plaintiff's music videos.

### FIFTH CAUSE OF ACTION
### UNJUST ENRICHMENT
(Against Defendants ATN and Does 9-10)

48. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

49. Defendants have profited off of the use of Plaintiff's music videos and talent without issuing any credit, compensation, or obtaining the authorization to exploit Plaintiff's intellectual properties.

50. Defendants received enrichment at Plaintiff's expense unjustly for which Plaintiff has suffered and continues to suffer damages. Plaintiff is entitled to receive all monies Defendants have been unjustly enriched by.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, MARIAM HADIDI, Plaintiff prays for the following to be awarded for each of the **FIVE CAUSES OF ACTION**:

1. For compensatory damages, in an amount not less than $500,000.00, plus damages to be determined at time of trial;
2. For prejudgment interest at the maximum legal rate from the date of filing;
3. For an accounting of all gains, profits, and advantages obtained by Defendants and each of them, as a result of their wrongful and unlawful conduct, and restitution in an amount to be proven at trial;

4. For punitive and exemplary damages, in an amount to be determined to be within the jurisdiction of this Court;

5. For legal costs and expenses, including attorneys' fees; and

6. For such other and further relief as this Court deems proper.

Dated: October 13, 2019                ARYA LAW CENTER, PC

_____
Majid Safaie,
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES

8